UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

DANIEL H. JONES, #443638,          )
                                    )
    Petitioner,                     )
                                    )
v.                                  )    NO. 2:10-CV-261
                                    )    *Greer/Inman*
DAVID R. SEXTON, Warden,           )
                                    )
    Respondent.                     )

# MEMORANDUM & ORDER

State prisoner Daniel H. Jones, who is now serving an effective sentence of thirty-one years in the Northeast Correctional Complex, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2008 Sullivan County, Tennessee, convictions for the possession, sale, and delivery of cocaine and for aggravated assault, [Doc. 2]. Now before the Court is respondent's motion to dismiss, which is supported by a brief and copies of the state court record, [Docs. 10-11, Attachment 1, Addenda 1-9].

In his motion, respondent argues that the petition must be dismissed as a mixed petition—one which contains both exhausted and unexhausted claims. Petitioner filed a response, of sorts, by moving to strike respondent's motion, [Doc. 12]. Though the motion to strike was subsequently denied, the Court will treat the memorandum offered in support of the motion to strike, [Doc. 13], as petitioner's response. In the response,

as construed, petitioner argues that it is apparent in the record that he has exhausted all available state remedies as to the issues presented in his federal petition.

## A. The Law of Exhaustion

It must be clear on the face of a habeas corpus application that a petitioner has exhausted his state remedies, or that there is an absence of state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C.§ 2254(b)(1)(A) and (B); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding that federal claims must be completely exhausted by being fully and fairly offered to the state courts before seeking federal habeas corpus relief). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A "mixed petition" must be dismissed by a district court. *See Rose*, 455 U.S. at 519 ("Requiring dismissal of petitions containing both exhausted and unexhausted claims will relieve the district courts of the difficult if not impossible task of deciding when claims are related, and will reduce the temptation to consider unexhausted claims.").

## B. Discussion

According to the face of his pleading, petitioner is attacking four state court convictions —three for possession, sale, and delivery of .5 grams of cocaine and one for aggravated assault. Petitioner was convicted by a jury verdict on the first cocaine offense (Case No. S53-124) and pled guilty to the other drug-related offenses (Case Nos.

2

Case 2:10-cv-00261   Document 26   Filed 02/02/12   Page 2 of 6   PageID #: 268

S53-126[1] and S53-127), as well as to the aggravated assault (Case No. S52-468).

Petitioner moved to withdraw his guilty pleas and to reduce his sentence, but the trial court rejected the motions and the state appellate court affirmed the trial court's decision. *State v. Jones*, 2010 WL 2812621, *1 (Tenn. Crim. App. July 16, 2010), *perm. app. den.* (Tenn. 2010). Respondent does not assert a failure-to-exhaust defense as to the guilty plea claims. Indeed, he notes, in the brief supporting his motion to dismiss, that petitioner would be time-barred from pursuing post-conviction relief with respect to those convictions, [Doc. 11 at 4, n.1].

The unexhausted claims in the petition, argues respondent, are those connected to the jury conviction. To support his argument, respondent has submitted a copy of a document, which shows that petitioner has pending a direct appeal in the Tennessee Court of Criminal Appeals challenging that conviction, [Doc. 11, Attach. 1 at 23-26]. However, since this document was filed, the state appellate court has resolved that appeal, and the state supreme court has declined further review. *State v. Jones*, No. E2010–00016–CCA–R3–CD, 2011 WL 2347711 (Tenn. Crim. App. 2011), *perm. app. den.* (Tenn. 2011). There is no indication, however, that petitioner has pursued any relief from that conviction under Tennessee's Post-Conviction Procedure Act, *see* Tenn Code

---

[1] As observed in the Court of Criminal Appeals' opinion on direct review of the guilty plea cases, petitioner pled guilty in Case No. S53-126 to three separate offenses—one count of possession of .5 grams of cocaine for sale, possession of drug paraphernalia, and maintaining a dwelling where drugs are sold or used. *See State v. Jones*, 2010 WL 2812621, *1 (Tenn. Crim. App. July 16, 2010), *perm. app. den.* (Tenn. 2010).

3

Case 2:10-cv-00261   Document 26   Filed 02/02/12   Page 3 of 6   PageID #: 269

Ann. § 40-30-101, *et seq.*, which generally provides the remedy for certain constitutional claims, such as those involving ineffective assistance of counsel.

As best as the Court can discern from petitioner's somewhat confusing pleading, the three claims contained in the petition are connected to the guilty plea cases and not to the jury-trial conviction. "A court must evaluate a habeas petition on the status of its included claims." *Bowling v. Haeberline*, 246 Fed. Appx. 303, *306, 2007 WL 2321302, *2 (6th Cir. Aug. 14, 2007). For example, in ground one, petitioner alleges a due process violation and refers to case numbers S53-126, S53-127 and S52-468—the guilty plea cases. In ground two, petitioner claims that the rights secured to him by the Fourteenth Amendment were violated when the lower court relied on his guilty plea to deny him a sentence reduction, and he refers to the attached appendices to illustrate the alleged constitutional violation. The appendices to which he points involve the guilty plea cases.

Ground three asserts that the improprieties complained of in grounds one and two also constitute violations of petitioner's rights under the Fifth and Eighth Amendments and, once again, he refers to case numbers S53-126, S53-127, and S52-468—the guilty plea cases. Petitioner also relies on the appendices to flesh out his claim. The appendices largely involve the guilty plea cases, but they also contain scattered

4

references to the jury-trial conviction.[2]

As noted, a petitioner cannot seek a writ of habeas corpus until he demonstrates that he has exhausted his available state remedies on all issues or that resort to them would be useless, *see* 28 U.S.C. § 2254 (b)(1). Since the pleading encompasses no claims tied to the jury-based conviction (for which there remains available a state post-conviction remedy), the Court concludes that it is not a mixed petition which warrants a dismissal.

### C. Conclusion

For the above reasons, the Court **FINDS** that the claims asserted in the petition have been exhausted and, thus, **DENIES** respondent's motion to dismiss, [Doc. 10].

### D. Pleading Deficiencies

As a final matter, under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must "state the facts supporting each ground." Rule 2(c)(2), Section 2254 Rules. Here, petitioner invites the Court to "see" the attached sheets and various appendices for illustrations of the grounds advanced for habeas corpus relief. Petitioner is tasked with constructing his own arguments and the same is true with

---

[2] The Court recognizes that, in petitioner's pleading, he listed case number S53-124 (the jury-based conviction) as one of the state court convictions he seeks to attack, [Pet. at ¶ 1(b)]. But the Court also is cognizant that petitioner indicated that he pled "Not guilty" to all convictions, including the jury-rendered conviction, [Pet. at ¶(5)]. These anomalies, including the scattered references, seem to be more a matter of inartful drafting on the part of this *pro se* prisoner than a true challenge to his jury-rendered conviction.

5

regard to any examples he employs to support his arguments. The Court cannot be expected to search the record to discern those rulings which supposedly illustrate his arguments with regard to the asserted claims.

Accordingly, petitioner shall have twenty days from the date on this order to amend his petition to set forth, clearly and concisely, the specific facts which illustrate the claims offered for habeas corpus relief.

If petitioner submits an amended petition, correcting the noted deficiencies, respondent **SHALL** file an answer to the amended petition within thirty (30) days of the date of entry of this order. If petitioner chooses to let his claims stand as they have been offered and does not file an amended petition within the thirty day time-frame, respondent **SHALL** answer the original petition. In that event, the Court will review each claim in its present form and resolve the claim as it has been presented. Any reply to the answer **SHALL** be filed within thirty days from the date the answer is filed.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE