UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| DANIEL H. JONES, #443638, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 2:10-CV-261 |
| | ) | *Greer/Inman* |
| DAVID R. SEXTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

State prisoner Daniel H. Jones brings this *pro se* petition and amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging several 2008 Sullivan County, Tennessee convictions, entered pursuant to his negotiated guilty pleas, [Docs. 2, 27]. Now before the Court are petitioner's motion for an evidentiary hearing [Doc. 15], respondent's answer to the petitions, [Doc. 28], copies of the state court record, [Doc. 11, Addenda B - F; Doc. 29], and petitioner's reply to the answer, [Doc. 30].

### **I. Standard of Review**

A state criminal defendant may obtain federal habeas relief if he can demonstrate that he is in custody pursuant to the judgment of a state court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Proceedings in the United States Districts Courts, the Court is to determine, after a review of the entire record whether an evidentiary

hearing is required. If a hearing is not required, the district judge may dispose of the case as justice dictates. After carefully reviewing the entire record, the Court finds it unnecessary to hold an evidentiary hearing and, thus, will **DENY** petitioner's motion for a hearing, [Doc. 15].

## II. Factual Background

The facts as presented by respondent in his answer are undisputed, with one exception: Petitioner disagrees with the statement that he pled guilty in case number S53-127 to possession of cocaine for resale.

The state court record shows that petitioner was charged in a presentment for possession of ½ gram of cocaine for sale or delivery, that he signed a waiver of rights form requesting the state court to accept his guilty plea to that offense, and that he was sentenced on an amended charge of possession of cocaine for resale, [Doc. 29, Addendum 1, vol. 1 at 1, 20-22, 28]. The Court of Criminal Appeals states, in its opinion, that petitioner entered a negotiated guilty plea "in case number S53,127 to possession of cocaine for sale, a Class C felony." *State v. Jones*, 2010 WL 2812621, at *1 (Tenn. Crim. App. (July 16, 2010) *Perm. app. den.*, (Tenn. 2010). Petitioner has not shown this factual finding of the state court to be incorrect by clear and convincing evidence, and, absent this showing, it must be presumed correct. 28 U.S.C. § 2254(e)(1).

On October 14, 2008, petitioner pled guilty to aggravated assault and received a four-year sentence, (Case No. S52-468); to possession of .5 gram of cocaine for sale,

2

possession of drug paraphernalia, and maintaining a dwelling where drugs are sold, receiving respective sentences of twelve years, eleven months and twenty-nine days, and two years, (Case No. S53-126); to possession of cocaine for resale, receiving a four- year sentence, (Case No. S53-127). In keeping with the plea agreement, the sentences in each count in Case No. S53-126 were to run concurrently with each other, but consecutively to the sentence in Case No. S53-126 and the sentence in Case No. S52-468.

### III. Procedural History

The following summary of procedural history is derived from the Court of Criminal Appeals' opinion during direct review of the trial court's denial of petitioner's motions to withdraw his guilty pleas and for reduction of sentences. *Jones*, 2010 WL 2812621, *1-*2.

Following his sentencing, Petitioner filed in the trial court a *pro se* motion to modify or reduce his sentences and, thereafter, a *pro se* motion to withdraw his guilty pleas. The latter motion was denied as untimely and an evidentiary hearing was held on the former motion, during which petitioner, who had waived the representation of two separately-appointed counsel, offered no evidence, but elected to stand on his *pro se* submissions. The trial court, finding that petitioner had offered no proof to support his motion, denied the motion for a sentence modification or reduction.

Petitioner filed an appeal of the denial of both motions, on the bases that his sentences should not have been run consecutively and also that they were imposed absent

3

proper findings involving mitigating and enhancement factors. The state appellate court, noting that "the guilty plea acceptance form belies [petitioner's] claim that he was to receive any 'mitigated' sentence because it clearly outlines the length of the agreed sentences as well as the range of punishment as ultimately reflected in the judgments," found that the motion to withdraw was properly dismissed as untimely. *Jones*, 2010 WL 2812621, at*2. It likewise denied relief on the sentence reduction claim.

## IV. Discussion

Respondent maintains, in his answer, that two claims offered for habeas corpus relief were not exhausted properly in the state courts and that, due to the absence of any available state court remedies, those claims have been procedurally defaulted. Respondent suggests that, though one claim was adjudicated by the state courts, petitioner cannot obtain relief because he has failed to show that the state court decision disposing of his claims is contrary to or an unreasonable application of the well established controlling rule in a Supreme Court case.

A. *Law of Procedural Default*

Under 28 U.S.C. § 2254(b) (1), a state prisoner's petition for a writ of habeas corpus will not be granted unless he has exhausted his available state court remedies. He does so by "fairly presenting" the substance of each of his federal constitutional claims to the state courts for disposition. *See Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). The claim must be offered on a constitutional basis—not merely as one arising

under state law. *See Duncan v. Henry*, 513 U.S. 364, 365-366 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."); *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001); *see also Casella v. Clemons*, 207 F.3d 18, 21 (1st Cir. 2000) (To give the state courts a fair opportunity to pass on a constitutional claim, "[t]he trappings of a federal claim must be likely to put a reasonable jurist on notice of the claim.").

A prisoner who has failed to present a federal claim to the state courts, and who is now barred by a state procedural rule from returning with his claim to those courts, has committed a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Federal review of a procedurally defaulted claim is foreclosed, unless the habeas petitioner can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Id.* at 732.

B. *The Claims*

    1. *Ground One: Sentencing Error---Fourteenth Amendment Violation*[1]

---

[1] Petitioner amended his petition, pursuant to the Court's order "to set forth, clearly and concisely, the specific facts which illustrate the claims offered for habeas corpus relief," (Doc. 26 at 6). The amended petition did not result in the expected clarity, but instead made the claims somewhat more complicated. The Court has generously construed the allegations in both petitions as alleging constitutional claims. However, merely noting that a petitioner asserts the "existence of a constitutional violation" is not enough; the habeas court must agree that he is due habeas corpus relief. *Wilson v. Corcoran*, 131 S.Ct. 13, 17 (2010); *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011) (citing *Wilson* for its holding that state law violations do not support the writ).

5

Petitioner's first claim is that he was denied due process when the trial court imposed punishment in excess of the minimum sentence established in Tennessee's 1989 Sentencing Reform Act. In his amended petition, he alleges that the trial court's conduct likewise denied him equal protection under the Fourteenth Amendment and violated the Fifth and Eighth Amendments as well. However, petitioner makes no attempt to support the latter allegations with any developed argument and, as the Court emphasized in its earlier order, a petitioner is responsible for constructing his own arguments; the Court will not perform that duty for him by searching the record to find support for the asserted claims. Thus, these allegations in the amended petition are conclusory. Bare, conclusory allegations, unsustained by facts, cannot establish a constitutional violation. *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991).

Respondent also points out, correctly, that the claim is also time-barred having been raised outside the one-year statute of limitations which governs not only the filing of § 2254 petitions, but also any amendments to the petition. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005). Therefore, Ground One will be examined as it was raised in the original petition—as a due process claim.

Respondent contends that this issue has been procedurally defaulted because, although it was raised before the Court of Criminal Appeals, it was not raised as a federal constitutional violation but only as a claim based on state law.

The Court has reviewed petitioner's state court pleadings. In petitioner's brief on appeal, he argued that the intent of the state legislative body, as expressed in the 1989 Sentencing Reform Act, was to impose the least severe measure necessary to achieve the purposes of sentencing and that a departure from the minimum sentence is limited to the enhancement factors listed in state law and state judicial cases. Petitioner's other arguments offered to support his claim relied, likewise, on state court cases and state law.

Petitioner failed to raise the claim in the state courts as a constitutional violation, and he may not do so now due to the bar presented by the one-year post-conviction statute of limitations in Tenn. Code Ann. § 40-30-102(a). Thus, petitioner has committed a state procedural default, has not shown or even alleged cause and prejudice to surmount it, and, thereby, has forfeited federal habeas corpus review.

2. *Ground Two: Denial of a Sentence Reduction---Fourteenth Amendment Violation*

Petitioner next argues that the trial court violated the Fourteenth Amendment by relying on his guilty plea to deny him a sentence reduction. He further argues that the use of his guilty plea was an improper enhancement criterium under state law.

Respondent suggests that petitioner cannot be granted relief on this claim because the state court's rejection of petitioner's sentence reduction claim does not pass either of the tests set forth in § 2254(d).

7

In reviewing the trial court's denial of a sentence reduction, the state appellate court observed that, under state law, a request to modify a sentence imposed pursuant to a guilty plea should be granted "when post-sentencing developments arise that should be addressed in the interest of justice." *Jones*, 2010 WL 2812621, at*2. The state appellate court then turned to petitioner's assertions that the trial court failed to make the necessary findings to impose sentences beyond the statutory minimum and that the lower court lacked authority to order consecutive sentences.

The Court of Criminal Appeals determined that "the sentences were imposed pursuant to a plea agreement, and, based upon the record before this court, all elements of the sentencing decision were agreed to by the parties and not open to consideration by the trial court." *Id.* at*3. Because the record showed no new post-sentencing developments, the state court concluded that the trial court had not abused its discretion by refusing to lower petitioner's sentences.

Interpretation of state statutes lies within the exclusive purview of state courts since those courts are the final arbiters of state law. *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). Where state courts have spoken on a matter of state law, it is not the role of a federal habeas court "to reexamine state-court determinations of state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A decision, which rests entirely state law, generally is not of federal concern. *See e.g., Swarthout v. Cooke*,___ U.S.___, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011) (claims which allege a state law error or an

8

incorrect application of state law do not present cognizable issues for federal habeas review). However, an error of state law is cognizable in a federal habeas corpus proceeding if it rises to the level of a constitutional violation. *See Estelle*, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." ).

To the extent that a federal claim is hiding in the background and because the claim has been adjudicated, this Court must defer to the state court decision unless the state court's judgment (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C.§ 2254(d)(1) and (2).

The Court sees nothing which would rise to the level of a constitutional violation. At any rate, petitioner has not cited to a Supreme Court case to show that the appellate court's determination regarding the sentence-reduction issues was contrary to or an unreasonable application of federal law or that it was based on an unreasonable factual determination. Petitioner is not entitled to relief on this issue.

C. *Ground Three: Sentence Reduction—Inappropriate Standard*

The final claim offered for habeas corpus relief is that petitioner's rights under the First and Eighth Amendments were violated in connection with the state court's

resolution of Grounds One and Two. The claim, as asserted in the petition, reiterates the allegations made in Ground One, to wit, that by failing to abide by the commands of the Sentencing Reform Act, the state court violated his due process rights when it declined to reduce his sentence, and in Ground Two, i.e., that, in several instances, the state court misapplied state law by relying on petitioner's guilty plea and restricting itself to criteria, which the state legislature intended to be "non-dispositive criteria" to support enhancement. The only allegation not addressed in the previous grounds is that the constitutional prohibition against double jeopardy was violated by having the same factual bases in one offense as in all the others—all deriving from the same common scheme and plan, arising from the same criminal episode, and the same criminal transaction.

Respondent maintains that petitioner has procedurally defaulted the claim by raising it for the first time in his application for permission to appeal to the Tennessee Supreme Court, but omitting it as a claim in the trial court and in the lower state appellate court.

Again, the Court has reviewed the record, including the transcript from the sentence reduction hearing and the appellate briefs filed by petitioner following the trial court's unfavorable disposition of his motion seeking a lower sentence. In the brief to the state supreme court, petitioner noted in passing that, "under both state and federal double-jeopardy provisions, [Appellant] defendant cannot be convicted of two [or more]

offenses, as here, if one is a lesser included offense of the other," (Addendum 2, Doc. 6 at 3).

As respondent correctly notes, exhaustion requires that a petitioner fairly present his federal claim to the state courts in a procedural context where a merits review is likely. *Castille v. Peoples*, 489 U.S. 346, 350-51 (1989) (holding that raising a claim for first time in a petition for allocatur to the Supreme Court of Pennsylvania is not a "fair presentation" of the claim). Petitioner did not fairly present his claim to the state courts by offering it for the first time in his application for permission to appeal in the Tennessee Supreme Court, and his failure to raise it in the lower state courts constitutes a procedural default. No cause has been offered or alleged and federal habeas corpus review is now unavailable for this claim.

## V. Conclusion

Petitioner is not entitled to habeas corpus relief and, for that reason, the writ of habeas corpus will be **DENIED** and this petition will be **DISMISSED**.

The Court must now consider whether to issue a certificate of appealability (COA) should petitioner file a notice of appeal, since he may not appeal a final order in a § 2254 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §2253(c)(1). Issuance of a COA depends on whether a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits meets

11

the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims rejected on a procedural basis, a COA is warranted if jurists of reason would debate the correctness of the Court's procedural ruling. *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).

The Court has individually assessed petitioner's claims under the relevant standards and finds that those claims do not deserve to proceed further because they are not viable in light of the governing law and jurists of reason would not conclude the disposition of those claims was debatable or wrong. Therefore, no COA will issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

An appropriate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE